## Case No. 17,524.

### The WHITAKER.

[1 Spr. 229;[1] 18 Law Rep. 496.]

District Court, D. Massachusetts. March, 1854.

SALVAGE CONTRACT—LIEN—LABORERS EMPLOYED BY CONTRACTOR.

1. A person who contracts with the owner, to supply or repair a foreign vessel, for a round sum, is not, merely by virtue of his contract, the agent of the owner.

[Cited in The Wandrahm, 14 C. C. A. 414, 67 Fed. 360.]

2. Laborers employed by such contractor have not a lien upon the vessel, for the price or value of their labor.

[3. Cited in The Williams, Case No. 17,710, to the point that there is no lien for salvage services performed under a contract for a fixed sum, to be paid at all events, whether resulting successfully or not.]

This was a suit in rem, against the brig Whitaker, to recover $2330, for services rendered in getting said brig off a beach in Scituate, upon which she had been driven in a storm.

It appeared in evidence, that the master of the brig had entered into a contract with one Samuel H. Holbrook, to get his vessel off, for the sum of $900, which was to be in full for every expense attending that service. Holbrook, in pursuance of his contract, procured an anchor and chain to be sent to the vessel, to be used in getting her off; employed men to labor upon her at daily wages, and with their aid, attempted to launch her directly into the sea. Having failed in this attempt, he hired Otis, the libellant, to launch her, and directed him to employ such assistance as was necessary. Otis, with the aid of persons employed by him, launched the vessel, across the beach, into the North river, in a direction opposite to that in which Holbrook had attempted to launch her.

All the persons who labored with Holbrook in his attempt to launch the vessel, and Otis, who, in his schedule, in addition

1 [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

to a claim for his own services, charged the wages of the persons whom he had employed, as money paid, were joined in this libel. The libellants had knowledge of the contract with Holbrook. The Whitaker belonged in the state of Maine, and the claimants, her owners, all resided there.

Seth Webb, Jr., for libellants.
John C. Dodge, for claimants.

SPRAGUE, District Judge. Holbrook had a lien, which he might enforce, either in a cause of contract or of salvage. But in the execution of his contract with the master, he had no authority to hire laborers, or procure materials, upon the credit either of the vessel or owners; and the men employed by him have no lien upon the vessel, which they can enforce in this libel. They knew that Holbrook was a contractor, and not an agent of the owners. The libellants did not bestow their labor and materials on the vessel, under a contract with the owners or master, or with any person who, by the acts or conduct of the owners, had apparent authority to bind the vessel by a lien.

The aggregate amount of the claims of these libellants greatly exceeds the $900, for which Holbrook had contracted to get the vessel off; and if they have a lien therefor, it would subject the owners to the payment of a larger sum than that stipulated in the contract with Holbrook, under which alone these persons labored. This libel to enforce a lien, as material men, in which Holbrook has not joined, must be dismissed. Whether the libellants might join with Holbrook, in a libel for salvage, I have no occasion now to consider.

Libel dismissed.

[NOTE. Subsequently another suit was brought against the same brig by the same libellants, only the seamen who served under Otis sued in their own names. See Case No. 17,525.]

[The opinion of SPRAGUE, District Judge, as given in 18 Law Rep. 496, is as follows:
[SPRAGUE, District Judge, dismissed the libel, with costs for the claimants, and in pronouncing the decree said, in substance, that it was apparent the libellants had rendered meritorious services in getting the vessel off; and if their claim had been made for a salvage compensation, he would intimate no opinion what the result would have been. The claim set up, however, was for labor and materials furnished for a foreign vessel. In such a case, there was no lien upon the vessel, unless the labor and materials were furnished at the request of the owners, or their agent the master, or some other person having authority to act for the owners. That, as a general rule, no one could subject property to a lien but the owner or his agent. That Holbrook, in virtue of his contract merely, was not the agent of the owners of the Whitaker, for this purpose; and there was no evidence that he had any other authority, and it was therefore immaterial whether he had or had not told his employees that they were to look to the vessel. That Holbrook had a lien upon the vessel for the $900, for which he had contracted to get her off, and to allow the libellants to sustain their claim, would be to subject the owners of the vessel to pay twice for the same service.]